UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL J. DIZAZZO,
        Plaintiff

04 10428 RGS

V.         Civil Action No.

PETER CARUSO, Attorney at Law,   MAGISTRATE JUDGE Cohen
PETER CARUSO II, Attorney at Law,
BEVERLY J. MacLEOD,
WILLIAM MacLEOD,
KEITH E. McDONOUGH, Clerk of Court, Lawrence
    District Court,
MARY BRANCO, Former asst' Clerk, Lawrence,
ALLEN JARASITIS, District Court Judge,
STEPHEN A. OSTRACH, District Court Judge,
WILLIAM E. MELAHN, District Court Judge,
RICHARD A. MORI, District Court Judge,
BRIAN R. MERRICK, Appellate Court Judge,
MARK S. COVEN, Appellate Court Judge,
ROBERT V. GRECO, Appellate Court Judge,
WILLIAM G. YOUNG, Federal Court Judge, Chief Judge,
MARIE BELL, Docket Clerk to Chief Judge Young,
THOMAS REILLY, Attorney General for the
    Commonwealth of Massachusetts,
MATTHEW Q. BERGE, Asst' Attorney General,
        Defendant(s),

RECEIPT # 54221
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 3/3/04

### ADDRESSES OF PLAINTIFF and DEFENDANTS

Plaintiff:

Michael J. Dizazzo
29 Russett Hill Road
Haverhill, Mass. 01830
tel(978)373-8996

Defendants:
Peter Caruso and Peter Caruso II

Law offices

One Elm Square
Andover,Mass. 01810
tel(978)475-2200

William and Beverly MacLeod
8 Wingcrest Circle
Andover,Mass. 01810

Keith McDonough
Clerk of Court
Lawrence District Court
Fenton Judicial Center
2 Appleton Street
Lawrence,Mass. 01840

Mary Branco
Former asst' clerk,
Lawrence district Court
Fenton Judicial Center
2 Appleton Street
Lawrence, Mass. 01840

Allen J. Jarasitis
District Court Judge
3 City Square
Charlestown, Mass. 02129
tel9617)242-5400

William E. Melahn
District Court Judge
188 State Street
Route 1, Traffic Circle
Newburyport, Mass. 01950-6637
tel (978)462-2652

Richard A. Mori
District Court Judge
89 Summer Street
Malden, Mass. 02148
tel(781)322-7500.

Stephen A. Ostrach
District Court Judge


Cambridge District Court
40 Thorndike street
Room L-51
Cambridge, Massachusetts 02141
tel(617)494-4350


Brian R. Merrick
Appellate Court Judge
Northern Division
40 Thorndike Street
P.O. box 396
East Cambridge, Mass. 02141
tel (617)494-4350

Mark S. Coven
Appellate Court Judge
Northern Division
40 Thorndike Street
P.O. Box 396
East Cambridge, Mass. 02141
tel(617)494-4352


Robert V. Greco
Appellate Court Judge
Northern Division
40 Thorndike Street
P.O. Box 396
East Cambridge, Mass. 02141
tel (617)494-4352

William G. Young
Federal District Court Judge
Chief Justice, Suite 5710
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Mass. 02210
tel (617)748-9138

Marie Bell

Docket Clerk for Chief Judge Young
Suite 5710
John Joseph Moakley . U.S. Courthouse
1 Courthouse Way
Boston, Mass. 02210
tel(617)748-9157

Thomas Reilly
Attorney General of Massachusetts
One Ashburton Place, 20 th Floor
Boston, Mass. 02108
tel(617)727-2200

Matthew Q. Berge
Asst' attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Mass. 02108
tel(617)727-2200

## JURISDICTION

The PLAINTIFF brings forward this civil rights complaint pursuant to U.S.C.S. 42 $ 1983, where this complaint should only be filed in a Federal Court, as the United States Supreme Court has declared 1983 civil rights suits should only be filed in Federal Court because of political sensitivity and unpopular plaintiffs.

## COMPLAINT

The PLAINTIFF brings forward this 1983 civil rights suit where the afore-

mentioned defendants knowingly, with the highest degree of malice conspired to violate

state and federal Law where individually and/or jointly knowingly violated the PLAINTIFF'S

5th and/or 6th and/or 14th amendments to the U.S. CONSTITUTION as follows:

1. That defendants Carusos and MacLeods file a civil suit in Lawrence

    District Court, no. 99-180cv0486 on May 6,1999 suing the PLAINTIFF

For failing to payoff a promissory note of $34,019.73, that was perjurious And deceitful, knowing that the PLAINTIFF financial liability ended When the property had been sold to the Dussaults on June 30 and July 1, 1997.

2. Where then Defendant Melahn conspired with defendants Carusos denying The PLAINTIFF's Motion to Dismiss on November 9,1999 by willfully Disregarding STATE LAW, intentionally disregarding STATE LAW, State law that is clearly established regarding mortgages, promissory Notes, discharge of mortgage and quit-claim deeds, and then scheduling said Civil suit for TRIAL on January 6,2000, clearly LACKING jurisdiction to Do so.

3. Defendant Mori then conducted a bench-trial on January 6,2000, then issued A JUDGMENT for Defendants MACLEODS in the sum of $34,019.73, he Knowingly refused to issue FINDINGS of FACT and CONCLUSIONS of Law, as REQUIRED by RULE 52 of the Massachusetts Rules of Civil Procedure.

4. Defendant Mori then conspired the defendant Branco to knowingly and Intentionally falsify the Court Record, by directing defendant GAGNON To OMIT on the docket entries as the PLAINTIFF had filed two MOTIONS Dated February 8,2000, one for FINDINGS of FACT and other for MEMOR- ANDUM, then defendant Mori then directed defendant Carusos when they Filed their OPPPOSITION not to file any opposition to PLAINTIFF's Motion

For Memorandum, only to file opposition to PLAINTIFF's Motion for FINDINGS Of Fact, as Defendant had already decided what they, the defendants were going to Do, and how defendant Mori was to rule on "only" Motion for Findings of Fact, which of course he DENIED on February 28,2000, a non-judicial act..

5. Then defendants Carusos, Branco and Jarasitis conspired to falsify the docket Entries March 31,2000 then Defendant Jarasitis issued Execution on April 12, 2000 in direct violation of State Law, Rule 10:28, where defendant Jara-Sitis directed defendant Branco to knowingly make false entry on March 31, 2000 regarding PLAINTIFF's Motion for RECONSIDERATION Where Defendant Ostrach conspiring with defendants Branco and Jara-Sitis never ruled upon Plaintiff's motion of Reconsideration filed March 31, 2000, making the Issuance of the Execution to appear lawful, a non-judicial act.

6. Defendants Carusos then knowingly filed said UNLAWFUL execution With the Registry of Deeds on October 3,2000, in Salem, Massachusetts..

7. Defendants Merrick, Coven and Greco conspiring with named defendants Mori, Jarasitis issued an appellate Opinion dated June 13,2001 where they Knowingly lacked JURISDICTION to do, said Opinion which included False statements of Fact and LAW, all in an attempt to cover-up an Attempted case-fixing that occurred in Lawrence District court.

8. Within related civil suit no. 01cv11239WGY upon the PLAINTIFF filing 10 Motions for DEFAULT against ten (10) defendants who refused to Answer said complaint within the twenty (20) days ALLOWED under

Federal Law, Defendant Young directed Defendants Reilly and Berge to

File opposition by submitting that SERVICE upon the Defendants was

"Defective," then Defendant Young directed defendant Bell to enter

False information on the docket sheets to show that the PLAINTIFF

Served the ten defendants who were in DEFAULT, then Defendant YOUNG

Would DENIED said Motions for DEFAULT, a most compelling "non-

Judicial act," by a Chief Judge.

## BACKGROUND

The Plaintiff while he was married purchased a home located at 62-66 Dart-

mouth Street, Lawrence, Massachusetts from the Defendants Peter Caruso and William

MacLeod, all papers were drawn up by Defendant Peter Caruso, the said Mortgage was

held by Defendant Beverly MacLeod, in the amount of $130,000.00, said dated October 25,

1988. Sadly during the early part of 1997 the Plaintiff was going through a painful Divorce,

he introduced the Dussaults to Defendants Peter Caruso and William MacLeod, all parties

discussed the Dussaults purchasing said property at 62-66 Dartmouth Street, as the

Plaintiff had discussed with Defendants Caruso and MacLeods of getting out of the

mortgage, the Defendants Caruso and MacLeods agreed if the Plaintiff could find a

Buyer. After discussing the terms with the Dussaults, all parties came to an agreement,

Defendant Peter Caruso prepared all documents, Plaintiff was discharged from the

Mortgage by defendant Beverly Macleod, the Plaintiff signed over the quit-Claim deed

to the Dussaults, and the Dussaults signed a new mortgage and promissory note with

defendant Beverly MacLeod, this all taking place on June 30,1997 at the Law office of defendant Peter Caruso, the calculated price was $120,541.23, which was the money owed by the PLAINTIFF, and the amount that the Defendants Macleods and Caruso sold the aforementioned property to the Dussaults for, with defendant Beverly MacLeod holding the Mortgage.

### COUNT 1-PERJURY and DECEIT

1. Defendants Caruso, Caruso II, and William and Beverly MacLeod knowingly filed in Lawrence District Court, no. 99-180cv0486, a civil suit that was Perjurious and DECEITFUL dated May 6,1999, deceiving the Court regarding The facts and Law of mortgages, promissory notes, demands and quit-claim Deeds.

WHEREFORE, the PLAINTIFF demands judgment against the DEFENDANTS;

   A. That the Damage actually caused to the PLAINTIFF be established.

   B. That the Damage consequently caused to the PLAINTIFF be established.

   C. That the DAMAGES be assessed against DEFENDANTS Caruso, Caruso II, Beverly and William MacLeod.

   D. And for such other relief that this Court deems fair and just.

### COUNT 2- STATE LAW

2. The PLAINTIFF repeats and realleges each and every allegation contained In paragraph 1 of Count 1 of the PLAINTIFF's complaint and incorporates Then Herein by reference.

3. Defendant Melahn conspiring with Defendant Caruso, knowingly and

Intentionally violated clearly established STATE LAW, when on November 9, 1999 he Denied Plaintiff's Motion to Dismiss that the trial Court had no juris-Diction to hear said civil suit, and scheduled a date for trial, this action dated November 10,1999, clearly violating State Law, G.l. c. 189, $ 1, G.l. c.183, $$ 11, 17.

4. Defendant Mori conspired with Defendants Caruso II and Macleods to To conduct a bench-trial, then having pre-arranged the Judgement in favor Of Defendants Macleods, knowingly and intentionally refused to issue Findings of Fact and Conclusions of law, violating Mass. Rules of Civil Procedure no. 52, a compelling non-judicial act.

5. Defendant Mori then conspired with defendant Branco and Mcdonough Upon the PLAINTIFF filing two motions dated Feb.8,2000, one for Findings Of Fact and Memorandum, directed defendant Branco to only enter Motion For Findings of Fact and to NOT enter Plaintiff's Motion for Memorandum, Then Defendant Mori directed Defendant Caruso II to "only" file opposition To plaintiff's Motion for Findings of Fact which he would Deny, said DENIAL Dated February 28,2000, Plaintiff's motion for Memorandum never to be ruled Upon, a most compelling 'non-judicial act," of Defendant Mori.

6. Defendants Ostrach and Jarasitis conspired with defendants Branco and Carusos To falsify the docket entries on March 31,2000, regarding Plaintiff's Motion For Reconsideration, knowingly violating Mass. R. 10:24 in Order to ISSUE An UNLAWFUL Execution, a non-judical act.

7. Defendants Jarasitis and Ostrach conspired to not rule on Plaintiff's motion for Reconsideration, then Defendant Jarasitis directed Defendant Caruso II to file For Execution, knowingly violating Mass. R. 10:28, a non-judical act.

8. Defendant Caruso then having an unlawful execution in his possession, then Proceeded to file said unlawful execution with the Registry of Deeds in Salem, Massachusetts on October 3,2000, deprivation of Plaintiff's property.

WHEREFORE, the PLAINTIFF demands Judgment against the DEFENDANTS within this Count;

    A. That the Damage actually caused to the PLAINTIFF be established.

    B. That the Damage consequently caused to the PLAINTIFF be established.

    C. That the DAMAGES be assessed against ALL Defendants.

    D. AND for such other relief that this court deems fair and just.

### COUNT 3- JURISDICTION

9. The PLAINTIFF repeats and realleges each and every allegation contained In paragraph 1 of Count 1, and paragraphs 2-8 of Count 2 of this complaint And by reference incorporates them into this count.

10. Defendants Merrick, Coven, and Greco conspiring with Defendants within Counts 1-2, knowingly ISSUED an Appellate Opinion dated June 13,2001 Where they LACKED jurisdiction, making knowingly and intentionally False statements of Fact and LAW, no. 9714.

WHEREFORE the PLAINTIFF demands JUDGMENT against the DEFENDANTS:

    A. That the DAMAGE actually caused to the PLAINTIFF be established.

    B. That the DAMAGE consequently caused to the PLAINTIFF be established.

    C. That the DAMAGES be assessed against ALL Defendants.

    D. AND for such other relief that this honorable Court may deem fair and just.

## COUNT 4- FEDERAL LAW

11. The PLAINTIFF repeats and realleges each and every allegation contained in Paragraph 1 of Count 1, and paragraphs 2-8 of Count 2 and paragraphs 9-10 of Count 3 of this complaint and by reference incorporates them into this Count.

12. Defendant Young upon receiving PLAINTIFF's seven motions for Default Within related federal civil suit no. 01cv11239WGY dated September 10,2001, Directed Defendants Reilly and Berge to file Opposition by submitting that Service upon the seven defendants was DEFECTIVE, then Defendant YOUNG Directed Defendant Bell, his docket clerk to enter false statements re: the Service upon the seven Defendants, then Defendant Young would deny said Motions for default, a most compelling non-judicial act, depriving the PLAINTIFF Of Equal protection under federal law, said denial dated Sept.17,2001..

13. Defendant Young upon receiving three more Motions for Default within related Federal civil suit dated October 29,2001, then directed Defendants Reilly and Berge not to file any opposition, and then directed defendant Bell to enter false

Statements into the docket entries, then again denying the PLAINTIFFs Motions

Default, dated November 1,2001, repeating most compelling non-judicial act by

Defendant Young.

WHEREFORE the PLAINTIFF dmands judgment against all defendants;

    A. That theDamage actually caused to the Plainiff be established.

    B. That the Damage consequently caused to the Plaintiff be established.

    C. That the Damages be assessed against ALL Defendants.

    D. AND for such other relief that this honorable Court may deem fair and just.

## COUNT 5-CONSTITUTIONAL DEPRIVATIONS,
## PAIN AND SUFFERING and EMOTIONAL DISTRESS.

14. The PLAINTIFF repeats and realleges each and every allegation contained in Paragraph 1 of Count 1, and paragraphs 2-8 of Count 2, and paragraphs 9-10 of Count 3, and paragraphs 11-13 of Count 4 of this complaint and by reference Incorporates them into this count.

15. That ALL DEFENDANTS within counts Counts 1-4 knowingly violated and And with the highest degree of malice enjoined in violating the PLAINTIFF's FIFTH amendment of the United States Constitution.

16. That Defendants within Counts 1-4 knowingly conspired to violate PLAINTIFF's SIXTH amendment of the United States Constitution.

17. That ALL Defendants conspired to knowingly and intentionally DEPRIVE the PLAINTIFF of his FOURTEENTH amendment of the United States constitution

To Equal Protection and Due Process of State and federal LAWS.

18. That all defendants conspired to inflict pain and suffering, emotional distress Upon the PLAINTIFF because of their willful but intentional unlawful and Unconstitutional deprivations guaranteed to the PLAINTIFF.

## DAMAGES

The PLAINTIFF prays that ALL DEFNDANTs be ordered to pay the PLAINTIFF at least:

1. DEFENDANTS CARUSO, CARUSO II, WILLIAM and BEVERLY MACLEOD The sum of $38,349.00, trebled plus interest of said unlawful execution;

2. Defendants CARUSO, CARUSO II, and WILLIAM and BEVERLY MACLEOD $150,000.00 IN COMPENSATORY damages, and one (1) million dollars In punitive damages EACH.

3. Defendants McDonough, Branco, Melahn, Jarasitis, Ostrach, Merrick, Coven, And Greco to pay $25,000.00 in Compensatory damages EACH, and $175,000.00 In punitive damages EACH.

4. That Defendants YOUNG, BELL, REILLY and BERGE to pay $3.5 Million Jointly, in compensatory damages, and $3.5 million dollars jointly in punitive Damages.

5. ALL court costs incurred by the PLAINTIFF in the litigation of this civil suit.

## JURY TRIAL BY HIS PEERS

The PLAINTIFF request a trial by his peers.

SIGNED UNDER THE PAINS and PENALTIES OF PERJURY this 1st day Of March, 2004.

*[signature]*
Michael J. Dizazzo

Respectfully submitted,

*[signature]*
Michael J. Dizazzo,
29 Russett Hill road
Haverhill, Mass.  01830
Tel(978)373-8996