UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL J. DIZAZZO, )
 )
    Plaintiff )
 )
vs. )   C.A. No. 04-CV-10428-RGS
 )
PETER CARUSO, PETER CARUSO, II, )
BEVERLY J. MACLEOD, WILLIAM MACLEOD,)
KEITH E. MCDONOUGH, MARY BRANCO, )
ALLEN JARASITIS, STEPHEN A. OSTRACH, )
WILLIAM E. MELAHN, RICHARD A. MORI, )
BIRAN R. MERRICK, MARK S. COVEN, )
ROBERT V. GRECO, WILLIAM G. YOUNG, )
MARIE BELL, THOMAS REILLY and )
MATTHEW Q. BERGE, )
 )
    Defendants. )
 )

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MCDONOUGH, BRANCO, JARASITIS, OSTRACH, MELAHN, MORI, MERRICK, COVEN, GRECO, REILLY AND BERGE TO DISMISS PLAINTIFF'S COMPLAINT

Defendants McDonough, Branco, Jarasitis, Ostrach, Melahn, Mori, Merrick, Coven, Greco, Reilly and Berge (collectively, the "Commonwealth Defendants") submit this memorandum of law in support of their motion to dismiss Plaintiff's Complaint. As grounds for their motion, the Commonwealth Defendants state that Plaintiff's claims against them are barred by judicial immunity. The Commonwealth Defendants further state that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, which precludes federal courts from reviewing final decisions of state courts. Accordingly, the Commonwealth Defendants move that Plaintiff's Complaint be dismissed as against each of them.

1

## BACKGROUND

Plaintiff appears to allege that the defendants engaged in a conspiracy to enter a series of judgments against him. Specifically, Plaintiff claims that defendant Melahn denied a motion to dismiss brought by Plaintiff in a state court suit and that in so doing defendant Melahn "intentionally disregarded" established law. Complaint at ¶ 2. Plaintiff contends that defendant Mori failed to comply with Massachusetts Rule of Civil Procedure by "refusing" to issue findings of fact and conclusions of law. Complaint at ¶ 3. Plaintiff further alleges that defendants Mori and Braco falsified court records, seemingly by failing to docket certain of Plaintiff's motion. Complaint at ¶ 4. Plaintiff also alleges the defendant Mori denied Plaintiff's motion. Id.

Plaintiff alleges that defendants Branco and Jarasitis "falsified ... docket entries" and that defendant Jarasitis violated state law in issuing an execution order. Complaint at ¶ 5. Plaintiff further alleges that defendant Ostrach's failure to rule on Plaintiff's motion for reconsideration was improper. Id.

Plaintiff further alleges that defendants Merrick, Coven, Greco, Mori and Jarasitis engaged in a conspiracy. Complaint at ¶ 7. As part of this alleged conspiracy, Plaintiff contends that defendant Merrick, Coven and Greco issued and appellate opinion designed to "cover-up an [a]ttempted case-fixing." Id. Finally, Plaintiff alleges that defendants Reilly and Berge falsely alleged that Plaintiff's service on a number of defendants in a federal suit was defective. Complaint at ¶¶ 8, 12.

## ARGUMENT

### I. Standard of Review

In assessing Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a decision to dismiss should only be made where it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Here it is clear that Plaintiff's claims are barred by both judicial immunity and by application of the Rooker-Feldman doctrine. Plaintiff has failed to allege facts that would take his Complaint outside either the immunity or the Rooker-Feldman doctrine.

II. Plaintiff's claims against the Commonwealth Defendants are barred by judicial immunity.

The federal courts have repeatedly held that judges are immune from suit for exercises of their judicial discretion. Cok v. Cosentino, 876 F.2d 1, 3 (1st Cir. 1989). Similarly, courts have held that judicial immunity extends to those acting at the direction of a judge. Slotnick v. Garfinkel, 632 F.2d 163, 166 (1st Cir. 1980) (per curiam) (judicial immunity extends to those carrying out judges' orders). By this, the courts have meant that individual judges shall be afforded judicial immunity from suits arising out of the performance of their duties. Id. at 2. It is indisputable that defendants Jarasitis, Ostrach, Melahn, Mori, Merrick, Coven and Greco were performing their judicial duties and, thus, are immune from this suit. It is, likewise, indisputable that defendants McDonough, Branco, Reilly and Berge were acting on judges' instructions and are thus immune from suit.

Judicial immunity shields judges "from suit for judicial acts performed in their judicial capacities." Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 288 (1991). The United States Supreme Court held in Bradley v. Fisher that judges are completely immune from liability for their judicial acts falling within their jurisdiction even when their conduct is erroneous, malicious, corrupt, or intended to injure. 80 U.S. 335, 344-357 (1871). Accordingly, assuming that the acts of defendants Jarasitis, Ostrach,

Melahn, Mori, Merrick, Coven and Greco alleged in the Complaint were judicial acts within the jurisdiction of each of those defendants, they are all immune from suit.

Judges Jarasitis, Ostrach, Melahn, Mori, Merrick, Coven and Greco are immune because all of their actions that allegedly gave rise to Plaintiff's claims against them fell within their jurisdiction as judges. It is well settled law that "[j]udges of courts of superior or general authority are absolutely privileged as respects civil suits to recover for actions taken by them in the exercise of their judicial functions, irrespective of the motives with which those acts were alleged to have been performed...." Barr v. Matteo, 360 U.S. 564, 569 (1959).

Judges may not be deprived of immunity simply because their actions were in error, were done maliciously, or were in excess of their authority. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Their errors remain subject to correction on appeal, in the instances alleged in the Complaint, to the Supreme Judicial Court. G.L. c. 211A, §§5 and 10. Judges must never worry that unsatisfied litigants will hound them with litigation. Peirson v. Ray, 386 U.S. 541, 554 (1967). To allow actions such as this one "would not contribute to principled and fearless decision-making but intimidation." Id.

Plaintiff attempts to deprive Judges Melahn, Merrick, Coven and Greco of judicial immunity by alleging that they acted without jurisdiction to do so. Complaint at ¶¶ 2, 7. This allegation is, however, utterly without foundation. The specific actions alleged are denial of a motion to dismiss (Judge Melahn) and the issuance of an appellate opinion (Judges Merrick, Coven and Greco). These actions are clearly within the jurisdiction of each of the defendants named. While Plaintiff may not agree with the

decisions reached or orders issued, such disagreement is not sufficient to strip the defendants of jurisdiction and thus of immunity.

Plaintiff further attempts to circumvent judicial immunity by alleging that Judges Mori, Ostrach and Jarasitis engaged in "non-judicial" actions. Complaint at ¶¶ 4, 5. As with his allegation about the lack of jurisdiction, this one lacks foundation. Plaintiff appears to allege that Judge Mori's denial of Plaintiff's motion and his instruction to the party opposing Plaintiff not to file an opposition were "non-judicial acts." Judge Mori's actions were clearly within his jurisdiction and were in performance of his judicial duties. Accordingly, Plaintiff's attempt to deny Judge Mori judicial immunity must fail. Plaintiff further appears to allege that Judges Jarasitis issued an order of execution and Judge Ostrach did not rule on Plaintiff's motion for reconsideration. Both actions were within the discretion of each judge and were in the performance of their judicial duties. The mere fact that Plaintiff disagrees with the outcome does not make the acts "non-judicial" ones.

Judicial immunity extends as well to those who carry out the orders of judges. See, e. g., Slotnick, 632 F.2d at 166; Fowler v. Alexander, 478 F.2d 694, 696 (4th Cir. 1973) (sheriff and jailer confining plaintiff in execution of a court order absolutely immune); Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980) (absolute immunity for clerks acting in a non-routine manner under instructions from the judge). Here, judicial immunity thus extends to defendants McDonough, Branco, Reilly and Berge.

Plaintiff alleges that defendants McDonough and Branco falsified docket records, in conspiracy with Judges Mori and Jarasitis. Complaint at ¶¶ 4, 5 ("defendant Jarasitis *directed* defendant Branco") (emphasis added), and ¶ 5 of Count 2. It is evident from the

5

Complaint that defendants McDonough and Branco, as clerks of the court, were acting on the instructions of judges of that court. As such, defendants McDonough and Branco are afforded judicial immunity.

Similarly, Plaintiff alleges that defendants Reilly and Berge acted at the direction of defendant Judge Young. Complaint at ¶ 12 of Count 4. Specifically, Plaintiff alleges that "Defendant Young ... directed Defendants Reilly and Berge to file Opposition." Id. Given that defendants Reilly and Berge acted, under Plaintiff's formulation of the facts, at the direction of Judge Young, they also are afforded judicial immunity.

Given that the alleged actions of defendants Jarasitis, Ostrach, Melahn, Mori, Merrick, Coven and Greco were all within the performance and scope of the judicial duties, each is immune from suit. Further, as defendants McDonough, Branco, Reilly and Berge each acted at the direction of a judge, they are immune from suit. Accordingly, the Commonwealth Defendants request that Plaintiff's Complaint be dismissed as to each of them.

### III. The *Rooker-Feldman* doctrine bars Plaintiff's Complaint.

"Lower federal courts have no jurisdiction to hear appeals from state court decisions, <u>even</u> if the state judgment is challenged as unconstitutional." Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698, 703 (1st Cir. 1995), quoting, Schneider v. Colegio de P.R., 917 F.2d 620, 628 (1st Cir. 1990); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Dist of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

Stripped to its essentials, the Complaint seeks review of certain alleged State District Court and Appeals Court proceedings. These are fully reviewable within the Massachusetts state courts. They are unreviewable in this Court, Wang, 55 F.3d at 703, and all claims against the Commonwealth Defendants should be dismissed for failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6).

Plaintiff's claims against all of the Commonwealth Defendants, except for defendants Reilly and Berge, stem from litigation in the Massachusetts state courts. Plaintiff is evidently dissatisfied with the outcome of the state court litigation and seeks now to redress perceived wrongs before this Court. Plaintiff is, however, barred from seeking redress in this Court by the Rooker-Feldman doctrine. Plaintiff's Complaint recognizes that the allegations concerning the Commonwealth Defendants, with the exception of defendants Reilly and Berge, concern litigations conducted in the courts of the Commonwealth. Count 2 of Plaintiff's Complaint is, in fact, denominated "State Law." Accordingly, all of Plaintiff's claims against the Commonwealth Defendants, except defendants Reilly and Berge, are barred by the Rooker-Feldman doctrine and should be dismissed.

## CONCLUSION

WHERERFORE, the Commonwealth Defendants respectfully request that the Court dismiss Plaintiff's Complaint.

                Respectfully submitted,

                KEITH E. MCDONOUGH, MARY BRANCO, ALLEN JARASITIS, STEPHEN A. OSTRACH, WILLIAM E. MELAHN, RICHARD A. MORI, BIRAN R. MERRICK, MARK S. COVEN, ROBERT V. GRECO, THOMAS REILLY and MATTHEW Q. BERGE,

                By their attorneys,
                THOMAS F. REILLY
                ATTORNEY GENERAL

                */s/ Sarah M. Joss*
                Sarah M. Joss, BBO #651856
                Assistant Attorney General
                Trial Division
                200 Portland Street, 3rd Floor
                Boston, MA  02114
                (617) 727-2200 x 3308

Dated: April 12, 2004

## CERTIFICATE OF SERVICE

    I, Sarah M. Joss, Assistant Attorney General, hereby certify that I have this day, April 12, 2004, served the foregoing document upon the parties, by mailing a copy, first class, postage prepaid to: Michael J. DiZazzo, 29 Russett Hill Road, Haverhill, MA 01830; Peter Caruso, One Elm Street, Andover, MA 01810; Peter Caruso, II, One Elm Square, Andover, MA 01810; William and Beverly MacLeod, 8 Wingcrest Circle, Andover, MA 01810; William G. Young, Chief Justice, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210; Marie Bell, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210.

                                                    _/s/ Sarah M. Joss_
                                                    Sarah M. Joss