UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NUMBER: 04 10428 RGS

| | |
|---|---|
| Michael J. Dizazzo,<br>      Plaintiff<br><br>V.<br><br>Peter Caruso, Attorney At Law, Peter Caruso II, Attorney At Law, Beverly J. Macleod, William Macleod, Keith E. Mcdonough, Clerk of Lawrence District Court, Mary Branco, Ass't Clerk Lawrence District Court, Allen J. Jarasitis, District Court Judge, William E. Melahn, District Court Judge, Richard J. Mori, District Court, Brian R. Merrick, Presiding Judge Appellate Division, Mark S. Coven, Justice, Appellate Division, Robert V. Greco, Associate Justice Appellate Division, William G. Young, Chief Judge United States District Court, District of Massachusetts, Marie Bell, Docket Clerk to Chief Judge Young, Thomas F. Reilly, Attorney General of Massachusetts, and Matthew Q. Berge, Asst. Attorney General of Massachusetts,<br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS PETER CARUSO,
ATTORNEY AT LAW AND PETER CARUSO II, ATTORNEY AT LAW
MOTION TO DISMISS**

**BACKGROUND**

This action was filed by Michael J. Dizazzo ("Dizazzo"), *pro se*, against

seventeen (17) defendants. The action alleges claims under 42 U.S.C. §1983. Dizazzo

alleges that the defendants willfully engaged in a conspiracy to fix a civil suit in the

1

Lawrence District Court, intentionally violated state law, engaged in perjury, obstruction of justice, collusion and other civil rights violations. *Complaint Background.*

The Defendants Peter J. Caruso, and Peter J. Caruso II (Defendants Caruso) move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss all counts because the complaint fails to state factual allegations regarding any material element required to sustain recovery. In addition, the Defendants Caruso join the Commonwealth of Massachusetts in stating that the Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, which precludes the federal court system from reviewing the final decisions of state courts.

## FACTS

The complaint arises out of a lawsuit between Beverly MacLeod and Michael J. Dizazzo regarding the failure to pay a promissory note.

A full trial was conducted on January 6, 2000, at which time exhibits were entered into the record and direct and cross examination presented to the Court.

A judgment was rendered in favor of Beverly MacLeod after a full bench trial in the Lawrence District Court.

Dizazzo filed numerous District Court motions and an appeal to the Appellate Division of the District Court. Dizazzo lost his appeal to the Appellate Division of the District Court.

Dizazzo claims that Judge Allen J. Jarasitis, Judge Richard A. Mori, Judge William E. Melahn, Judge Stephen A. Ostrach, Justice Brian R. Merrick, Justice Mark S. Coven, Justice Robert V. Greco, Clerk of the Lawrence District Court Keith E. McDonough and Assistant Clerk of the Lawrence District Court Mary Branco, Chief Judge William G. Young, all conspired against him in this proceeding.

2

Dizazzo does not indicate any facts in regard to the purported violations of state law, perjury, obstruction of justice, collusion and other civil rights violations.

## ARGUMENT

I.  **STANDARD ON THIS MOTION**

An action will be dismissed if after accepting all well-pled averments as true, and drawing reasonable inferences therefrom, no set of facts so presented justifies recovery. The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989); Conley v. Gibson, 355 U.S. 41, 45-48, (1957); Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cri. 1988); McDonald v. Sante Fe Trail Transp. Co., 427 U.S. 273, 276 (1976). In completing said assessment of the pleadings, the Court shall "eschew any reliance on bald assertions, unsupportable conclusions, and 'opprobrious epithets.'" The Dartmouth Review, 889 F.2d 13, 16 (1st Cir. 1989) [Quoting Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir.), cert. denied, 483 U.S. 1021, 107 (1987) {quoting Snowden v. Hughes, 321 U.S. 1, 10 (1944)}].

Generally, pro se litigants are given the benefit of liberal construction of the complaint. Hurney v. Carver, 602 F.2d 993, 995 (1st Cir. 1979). Despite this fact, the trial court is not required to conjure up unpleaded facts to support conclusory allegations. Id.; McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979).

As such, the Plaintiff is required to set forth in his complaint factual allegations, either direct or inferential, regarding each material element necessary to sustain recover under some actionable legal theory. Conley v. Gibson, 355 U.S. 41, 45-48 (1957). Although the threshhold demands on the pleader are low, it is well settled case law that the pleading requirements are not entirely toothless. Fleming v. Lind-Waldock & Co.,

3

922 F.2d 20, 23 (1st Cir. 1991). A trial court is not required to conjure up unpleaded facts to support conclusory allegations. McDonald v. Hall, 619 F.2d 16, 19 (1st Cir. 1979). Pleadings cannot be construed sufficient where the Plaintiff rests on "subjective characterizations, or unsubstantiated conclusions. Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944, 103 (1983). Furthermore, it is only when such conclusions are logically compelled, or at least supported by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, that "conclusions" become "facts" for pleading purposes. The Dartmouth Review, 889 F.2d at 16; Fleming, 922 F2d. at 24. Deference due allegations of a complaint does not extend to self-serving generalities or unsubstantiated conclusions. Gilbert v. Cambridge, 932 F.2d 51, 62 (1st Cir. 1991). In particular courts have indicated that the need for certain pleading requirements is of greater need where allegations of civil rights violations lie at the suit's core. Dewey, 694 F.2d at 3. To avoid tarring defendants' reputations unfairly and to prevent potential abuses, courts have consistently required plaintiffs to outline facts sufficient to conveyed specific instances of unlawful discrimination. The Dartmouth Review, 889 F.2d at 16.

Finally, in order to effectively submit a justicable case, a plaintiff must allege a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the request relief. United States v. AVX Corp., 962 F.2d 108, 114 (quoting Allen v. Wright, 468 U.S. 737, 751 (1984.))

In the case at bar, if we apply all of the above standards and thresholds of review to Dizazzo's complaint, it is clear that his Complaint does not survive any standard of

4

review or scrutiny. Dizazzo has merely lashed out against every person, attorney, Judge, Justice and Clerk who has not agreed with his position or ruled in his favor. This illogical and irrational pattern of behavior is presently evident in his attempt to recuse Chief Justice Young from this case after several rulings against Dizazzo. His complaint is filled with self-serving statements, unsubstantiated conclusions and empirically unverifiable conclusions, that have no realistic basis in fact, and fail to form a claim for relief against any defendant. Dizazzo has merely used the court process in an attempt to tar the defendants' reputations.

## II.     THE COMPLAINT CANNOT SUPPORT A CLAIM FOR PERJURY AND DECEIT.

Two essential elements to be proven in a perjury case are that the statement made by the Defendant was in fact false and that it be proven that the Defendant did not believe his or her statements, when made, to be true. La Placa v. U.S. 354 F.2d 56, *cert denied*, 383 U.S. 927 (1965). In addition, with regard to 18 U.S.C. §1621, whether an answer is true must be determined with reference to the question it purports to answer, not in isolation. Bronston v. United States, 409 U.S. 352 (1973).

In reviewing an indictment of perjury against a person, at a minimum, the Sixth Amendment to the United States Constitution requires such a complaint contain all of the information and facts needed to inform a defendant of the nature of the crime and allow him or her an opportunity to prepare a defense. United States v. Tomasetta, 429 F.2d 978, 979 (1st Cir. 1970). The First Circuit has cited a case in the context of a perjury indictment that recognizes the concept that the factual basis of any falsity must be set

forth with sufficient clarity to allow meaningful judicial review of the materiality of the particular falsehoods. United States v. Herbert A. Butt, 745 F.Supp 34, 38, (quoting United States v. Slawik, 548 F.2d 75 (3rd Cir. 1977)). In addition, in the decision of United States v. Herbert A. Butt, 745 F.Supp 34, the Court indicated that another standard of review, can be used in connection with the assessment of a perjury indictment. United States v. Herbert A. Butt, 745 F.Supp 34, 38. This standard set forth the proposition that if an indictment contains clear, direct, unambiguous and precise questions and answers that the nature and extent of the alleged falsity is fairly self-evident, then such indictment will withstand a challenge for dismissal. Id; United States v. Serola, 767 F.2d 364, 371 (7th Cir. 1985).

In the present case, Dizazzo has not produced any information nor any facts that contain clear and direct indications of the alleged falsities. His complaint does not approach the level at which meaningful judicial review of the materiality of the particular falsehoods could occur. Again, Dizazzo uses conclusory and self-serving allegations in an attempt to frame a cause of action against private citizens, defendants and Court Officers as a result of an unfavorable result at trial on the state district court level. His complaint rambles with needless accusations and speculations as to why he lost at the district court level. Pleadings cannot be construed sufficient where the Plaintiff rests on "subjective characterizations: or unsubstantiated conclusions, and where the complaint contains needless accusations and speculations." Dewey, at 3.

III.  **THE COMPLAINT CANNOT SUPPORT A CONSPIRACY CLAIM.**

Allegations of conspiracy must be supported by material facts, not conclusory statements. Slotnik v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980). It is insufficient to allege a set of facts, open to numerous interpretations, and claim in a conclusory manner that a conspiracy existed. McGillicuddy v. Clements, 746 F.2d 76, 78 (1st Cir. 1984). In addition a plaintiff must allege and support with fact, that the defendants agreed to engage in a course of conduct that led to a plaintiff's alleged injuries, in order to support a conspiracy claim. Therrien v. Hamilton, 849 F.Supp. 110, 116 (D.Mass. 1994).

In section 1983 cases, "a fair degree of specificity, a foundation of material facts", is required for a complaint to survive a motion to dismiss. Slotnick, 560 F.2d at 33, cert. denied, 434 U.S. 1077 (1978). In addition, Courts have also noted that "it has long been the law in this and other circuits that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts." *Id.*

Dizazzo's complaint is exactly the complaint that the courts have consistently stated will not survive a motion to dismiss. Nowhere in Dizazzo's complaint is there any fact that indicates that any agreement was made between any defendant to conspire to commit a wrong against Dizazzo. His complaint lacks fact and specificity, but abounds in unrealistic self-serving conclusions. His allegations are delusions not founded in fact or reality. As such, as the case law indicates, absent any facts which establish with reasonable certainty and definiteness the essential elements of a conspiracy, a complaint

7

alleging conspiracy shoud be dismissed. NCR Credit Corp. v. Underground Camera, Inc., 581 F.Supp. 609, 612 (D.Mass. 1984).

IV. **CONSTITUTIONAL CLAIM VIOLATIONS CANNOT BE SUPPORTED BY THE COMPLAINT**.

Dizazzo claims that all Defendants have violated his 5th, 6th and 14th Amendment rights under the United States Constitution. *Complaint Count 5*. No facts can support any such allegation. The Defendants Caruso can only assume that Dizazzo believes that Dizazzo believes his 5th and 14th Amendment rights of access to due process have been denied. To the contrary, Dizazzo has been afforded more leeway in attempting to prosecute his claim through the court system than many litigants. His due process rights remain intact and unmolested.

Dizazzo indicates that his 6th Amendment rights have been violated. This is not a criminal proceeding, and thus his reliance on said Amendment is misguided.

V. **THE ROOKER-FELDMAN BARS THE PLAINITFF'S COMPLAINT**.

The "United States District Court has authority to review final judgments if a state court in judicial proceedings." Dist of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). In addition several additional cases have reinforced this doctrine. The "lower federal courts have no jurisdiction to hear appeals from state court decisions, even if the state judgment is challenged as unconstitutional." Wang v. New Hampshire Bd. Of Registration in Medicine, 55 F.3d 698, 703 (1st Cir. 1995), quoting Schneider v. Colegio de P.R., 917 F.2d 620, 628 (1st Cir. 1990).

All of Dizazzo's claims against Defendants Caruso arise from the Lawrence District Court trial. All of his claims allege case fixing, collusion, fraud, deceit, and perjury stemming from this trial and subsequent appeals by Dizazzo. Dizazzo has exhausted all judicial remedies in the state district court system, and has in fact been denied review by the United States Appeals Court. All of his claims are simply not reviewable by this Honorable Court.

As a result, under the Rooker-Feldman doctrine, all claims against the Defendants Caruso should be dismissed.

VI.   **CONCLUSION**.

Dizazzo's complaint contains more than mere technical defects or inartistic language. The Court may dismiss a claim pursuant to Fed.R.Civ.P. 12(b)(6) if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory. Courts are careful to afford the proper and liberal standard of review to all pleaded facts, and courts can defer to any and all reasonable inferences connected with a plaintiff's theoretical cause of action. What courts fail to allow and credit are "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blauchard, 83 F.3d 1,3 (1st Cir. 1996). Dizazzo's misguided perception of the judicial system has rendered his complaint void of foundation and filled with baseless claims, outlandish allegations, conclusory allegations, self-serving statements and unsubstantiated claims. Dizazzo's complaint should be dismissed in full, with prejudice and costs to the Defendants.

                                      Respectfully Submitted
                                      Peter J. Caruso, Esq.
                                      Peter J. Caruso II, Esq.

Dated: April 19, 2004

                                      Peter J. Caruso, Esq. (BBO# 076920)
                                      Caruso & Caruso, LLP
                                      One Elm Square
                                      Andover, MA 01810
                                      Tel. 978 475 2200
                                      Fax 978 475 1001