

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL J. DIZAZZO,
         Plaintiff

V.                                          Civil Action No.04-10428-RGS

PETER CARUSO, Attorney at Law,
PETER CARUSO II, Attorney at Law,
BEVERLY J. MacLEOD,
WILLIAM MacLEOD,
KEITH E. McDONOUGH, Clerk of Court, Lawrence
      District Court,
MARY BRANCO, Former asst'Clerk, Lawrence,
ALLEN JARASITIS, District Court Judge,
STEPHEN A. OSTRACH, District Court Judge,
WILLIAM E. MELAHN, District Court Judge,
RICHARD A. MORI, District Court Judge,
BRIAN R. MERRICK, Appellate Court Judge,
MARK S. COVEN, Appellate Court Judge,
ROBERT V. GRECO, Appellate Court Judge,
WILLIAM G. YOUNG, Federal Court Judge, Chief Judge,
MARIE BELL, Docket Clerk to Chief Judge Young,
THOMAS REILLY, Attorney General for the
      Commonwealth of Massachusetts,
MATTHEW Q. BERGE, Asst' Attorney General,
                              Defendant(s),

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OF DEFENDANTS
McDONOUGH, BRANCO, JARASITIS, OSTRACH,
MELAHN, MORI, MERRICK, COVEN, GRECO,
REILLY AND BERGE.

Now comes the PLAINTIFF and moves this honorable Court to ACCEPT

his OPPOSITION to the Defendant's Motion to Dismiss, and after reviewing the

following FACTS of FEDERAL LAW, must DENY Defendant's Motion to DISMISS,
in light that Factual INQUIRY has not taken place, but of course the DEFENDANTS

filed this Motion because the PLAINTIFF is pro-se. As reasons for, the Plaintiff states the following:

1. State Officials in a civil rights action BEAR the burden to demonstrate Entitlement to any immunity defense, "Dennis v. Sparks," 449 U.S., 24,29 (1980), Immunity is determined by factual inquiry, of course Discovery is completed, they, All Defendants may file a 56 Motion, For Summary Judgment.

2. A Court is REQUIRED to accept as true all factual allegations outlined In the COMPLAINT, and to draw all reasonable inferences in favor of the Non-moving party, "Dartmouth v. Dartmouth College," 889 F.2d, 13, 16, (1st Circuit).

3. A Court may not DISMISS the complaint unless it appears "Beyond Doubt" That the PLAINTIFF can prove no set of FACTS in support of his claim Which would entitle him to relief, "Haines v. Kerner," 404, U.S. at 520-21, 1972, upon reviewing the PLAINTIFF'S complaint and Amended complaint Is there any doubt with a reasonable person, repeat, a reasonable person, The plaintiff cites exact acts, dates, documents and laws to say that the PLAI-NTIFF, could not prove his facts is laughable, even the Court must be Amused.

4. Regarding Judicial Immunity, Judges lose all types of immunity if they Act without jurisdiction, and/or disregard clearly established law, and/or Engage in a non-judicial act, IMMUNITY is LOST, repeat, LOST. Regardings Defendant Mori, he upon reviewing the Plaintiff's

Amended complaint, his acts were of a non-judicial nature, this

Means a act that most judges do not engage in, he refused to rule on

A motion for memorandum, this under state law, Rule 52, presiding

Over a bench trial, he is REQUIRED, not May, he is REQUIRED

To issue, WHY, how do you APPEAL if you do not know WHY

He ruled against you, and obviously common sense, by refusing

To issue a Conclusion of Law, then conspiring to not rule on

The Plaintiff's motion, he invalidated his Judgment in favor of

The Defendant MacLeod, the most aggregious violation of

Plaintiff's fourteenth amendment, due process and equal pro-

Tection, to the Court, How many Judges engaged in this conduct.

Defendant Jarasitis knew what Defendant Mori did, he knew said

Judgment was invalid, he lacked jurisdiction to issue said execution,

Using the judgment entered on by Defendant Mori..

5. All state officials were served in their " official" and "individual"

Capacity, the plaintiff submits that government officials are shielded

From 42 USCS, 1983 liability for civil damages insofar as their conduct

Does not violate clearly established statutory or constitutional rights of

Which reasonable person would have known, "Harlow v. Fitzgerald,"

(1982), 457 US 800, further State Officials may be held personally

Liable for damages under 42 USCS, 1983 based upon actions taken
In their official capacities, because state officials sued in their

Individual capacities are "persons" within meaning of 1983,

Eleventh Amendment does not erect barrier against suits to

Impose individual and personal liability on state officials under 1983 and phrase "acting in their official capacities, "Hafer v. Melo," (1991), 502 US 21, further State Official sued under 42 USCS 1983, in official or individual capacity can be held liable For behavior of subordinates if 1) behavior of subordinate results In constitutional violation and official's action or inaction was Affirmatively linked to that behavior, in sense it could be character- Ized as supervisory encouragement, condonation, or acquiescence, or Gross negligence amounting to deliberate indifference in supervision, "Lipsett v. University of Puerto Rico," (1988 CA. Puerto Rico) 864 F2d 881, like Reilly and Berge.

6. Defendants submit that Reilly and Berge are afforded judicil Immunity, this is laughable, they are attorneys representing State officials, when did they become cloaked with immunity As clerks, they engaged in unconstitutional conduct conspiring With federal officials, who are not treated as color of state law. As the Supreme Court stated in 'Dennis v. Sparks," a Judge Was dismissed on grounds of immunity, but not the co-conspir- Ators, further the coconspirators could not argue that they were Acting under color of state law, and there is presently a "criminal Complaint sitting with the Public Integrity section against USDJ Young, Bell, Reilly and Berge.

7. Again deferring to 'Dennis v. Sparks," if this Court confers Immunity to certain state officials, they can and will be brought in

      As witnesses to testify to their acts and actions, even though they

      Are not liable for monetary damages.

8. Further defendants submit the Rocker-Feldman doctrine bars

    Plaintiff's complaint, this is so laughable, the plaintiff submits

    This is WHY we have 1983, unconstitutional deprivations of

    One's property, (fifth amendment), and due process (14th

    Amendment). The defendants state a final judgment, the

    Plaintiff never got a lawful judgment in the trial court.

## SUMMARY

As submitted by the plaintiff, a Court cannot dismiss a suit unless it is very clear that the plaintiff cannot prove any set of facts, this is laughable, the plaintiff could not be more accurate and definitive, regarding defendant MORI, what he did is the most compelling non-judicial act that a judge could engage in, he conspiring with Carusos and MacLeods, could not engage in a more unconstitutional deprivation of one's property., regarding the other defendants, the plaintiff has submitted the facts and the law.

ACCORDINGLY, DEFENDANT'S MOTION to dismiss must be DENIED in part or in WHOLE.

    SIGNED UNDER THE PAINS and PENALTIES OF PERJURY this 21st ' day
Of April, 2004.

                                              Michael J. Dizazzo

Respectfully submitted,

*[signature]*

Michael J. Dizazzo,
29 Russett Hill road
Haverhill, Mass. 01830
Tel(978)373-8996

## CERTIFICATE OF SERVICE

The Plaintiff, Michael J. Dizazzo, do hereby certify that a true copy of the foregoing documents were sent to the following counsel and defendants by first class mail, postage prepaid this 22nd day of April, 2004, Asst' attorney General, Sarah Joss, 200 Portland St., 3rd floor, Boston, Mass., 02114, Att. Peter Caruso, One Elm Square, Andover, Mass., 01810, William and Beverly MacLeod, 8 Wingcrest Circle, Andover, Mass. 01810, Chief Judge William Young, U.S. Courthouse, One Courthouse Way, Boston, Mass. 02210, Marie Bell, docket clerk, U.S. Courthouse, One Courthouse Way, Boston, Mass., 02210.

*[signature]*

Michael J. Dizazzo