UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NUMBER: 04 10428 RGS

| | |
|---|---|
| Michael J. Dizazzo,<br>      Plaintiff<br><br>V.<br><br>Peter Caruso, Attorney At Law, Peter Caruso II, Attorney At Law, Beverly J. Macleod, William Macleod, Keith E. Mcdonough, Clerk of Lawrence District Court, Mary Branco, Ass't Clerk Lawrence District Court, Allen J. Jarasitis, District Court Judge, William E. Melahn, District Court Judge, Richard J. Mori, District Court, Brian R. Merrick, Presiding Judge Appellate Division, Mark S. Coven, Justice, Appellate Division, Robert V. Greco, Associate Justice Appellate Division, William G. Young, Chief Judge United States District Court, District of Massachusetts, Marie Bell, Docket Clerk to Chief Judge Young, Thomas F. Reilly, Attorney General of Massachusetts, and Matthew Q. Berge, Asst. Attorney General of Massachusetts,<br>      Defendants. | ANSWER OF<br>DEFENDANTS<br>BEVERLY J. MACLEOD<br>WILLIAM MACLEOD |

1. The Defendants (as throughout this Answer shall collectively refer to Beverly J. MacLeod & William MacLeod only) deny the allegations contained in the opening paragraph of the Plaintiff's Complaint.

2. The Defendants admit that a civil suit was filed on behalf of Beverly MacLeod, filed as civil action no. 99-180CV0486 and signed by Peter J. Caruso, Esq. as attorney for Beverly Macleod.

1

The Defendants deny the remaining allegations of paragraph 1.

2. The Defendants deny all of the allegations of paragraph 2.

3. The Defendants admit that a bench trial occurred on January 6, 2000, and a Judgment was entered in the amount of $34,019.73. The Defendants deny all of the allegations of paragraph 3.

4. The Defendants deny all of the allegations of paragraph 4.

5. The Defendants deny all of the allegations of paragraph 5.

6. The Defendants deny all of the allegations of paragraph 6.

7. The Defendants deny all of the allegations of paragraph 7.

8. The Defendants deny all of the allegations of paragraph 8.

## BACKGROUND

9. The Defendants incorporate and reallege the answers of paragraphs 1 through 8 of this answer as if fully stated herein.

10. The Defendants deny all of the allegations of the paragraph labeled "Background".

## COUNT 1 – Perjury and Deceit

11. The Defendants incorporate and reallege the answers of paragraphs 1 through 10 of this answer as if fully stated herein.

12. The Defendants deny all of the allegations of paragraph 1 of Count 1.

## COUNT 2 – State Law

13. The Defendants incorporate and reallege the answers of paragraphs 1

2

## THIRD AFFIRMATIVE DEFENSE

In the alternative to the Second Affirmative Defense, and assuming without conceding that the Plaintiff has sustained some cognizable damages, such damage was not proximately caused by the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to bring such an action.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has knowingly submitted a false and misleading Complaint to this Honorable Court.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff fails to name any correct party.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is not based upon a tenable legal principle and is filed for purposes not advanced in good faith.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the statute of limitations

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred under the principle of res judicata.

## ELEVENTH AFFIRMATIVE DEFENSE

All judicial appeals of the identical issue and facts have been exhausted.

## FIRST COUNTERCLAIM

## MALICIOUS PROSECUTION

1. The Counter-Claim Plaintiffs hereunder are Beverly J. MacLeod and and William S.MacLeod, both with a home on 8 Wyncrest Circle, Andover, Massachusetts.

2. The Counter-Claim Defendant hereunder is Michael J. Dizazzo of 29 Russett Hill Road, Haverhill, MA 01830 (hereinafter sometimes referred to as "Dizazzo").

3. Dizazzo's Complaint is again fraught with fictitious facts and blatant lies.

4. Dizazzo states in his "background" of the Complaint that the property purchased at 62-66 Dartmouth Street, Lawrence, Massachusetts "was owned by Peter Caruso and William Macleod." CARMAC Realty Trust, Beverly MacLeod as Trustee, was the legal owner of the property at the time of transfer, not Peter Caruso and William Macleod.

5. Dizazzo states in his "background: of the Complaint that the "documents were prepared and notarized by Defendant Peter Caruso" (See sentence 1 of the Complaint "background" section)   The Note was witnessed by Beverly Cote (Atty. John Remillard's secretary) and the Mortgage was notarized by Atty. John Remillard, Dizazzo's private counsel.

6. John A. Remillard, Esq. was the attorney for Dizazzo at the time of the signing of the Note and Mortgage.

7. John A. Remillard, Esq. reviewed the documents prior to Dizazzo's signing.

6

8. Dizazzo was afforded the opportunity to argue his case before a Court of competent subject matter and personal jurisdiction, the Lawrence District Court, a division of the Massachusetts Trial Court.

9. Dizazzo was afforded tremendous leeway and latitude to pursue his claim within the Trial Courts and up to and including the Appellate Division of the District Court of the Massachusetts Trial Court.

10. Dizazzo was afforded the opportunity to present his case to this Honorable Court and this Honorable Court dismissed any and all claims of Dizazzo's original filing in this Court. Said original filing had a civil action number of 01-CV-11239 WGY.

11. Dizazzo lost on all levels that he applied to within the Commonwealth of Massachusetts judicial system.

12. Dizazzo represented himself, but was implored by counsel and Judges to obtain competent legal counsel and representation at all levels of litigation. Dizazzo denied and rejected any such requests.

13. In this action Dizazzo alleges that his civil rights have been violated by two attorneys, two private citizens, two Clerks of Court, four District Court and three Appellate Court Justices, the Chief Judge of the United States District Court, District of Massachusetts, the docket clerk to the Chief Judge, the Attorney General of Massachusetts and an Assistant Attorney General of Massachusetts.

14. Dizazzo alleges "fix-casing" and collusion.

15. The Counter-Claim Plaintiffs do not personally know any of the listed Clerks, nor the any of the eight named Judges, nor the Attorney General, nor the assistant Attorney General.

16. No perjury, deceit, violation of either State nor Federal law, collusion nor any of the counts asserted by Dizazzo could have occurred and did not occur.

17. Dizazzo, being unhappy with the results he gained by representing himself has filed this Complaint to exact revenge for the loss on all levels, including the United States Court of Appeal for the First Circuit.

18. Dizazzo is again misusing and misapplying process for an end other than that it was designed to accomplish.

19. Each Defendant in the Complaint was added to Dizazzo's list following his or her ruling against Dizazzo, denial of a Dizazzo motion, service of process on Dizazzo, or any other act that Dizazzo found unacceptable.

20. Upon hearing of his loss on the Appellate level Dizazzo dispatched a letter to the Counter-Claim Plaintiffs demanding monetary payment in exchange for his filing of his previous United States District Court case. Failing in his extortion attempt, Dizazzo filed this Complaint against all parties.

21. As a result of the misapplication and abuse of process by Dizazzo, the Counter-Claim Plaintiffs have been forced to expend time, energy and resources in answering this Complaint and to incur legal expenses.

WHEREFORE, the Counter-Claim Plaintiffs demand judgment against the Counter-Claim Defendant in the amount of attorney fees, costs and any other amounts that this Court shall deem appropriate.

## SECOND COUNTERCLAIM
## MULTIPLICATION OF PROCEEDINGS

22. The Counter-Claim Plaintiffs hereby incorporate and reallege the allegations of paragraphs 1 through 21 of this counterclaim as if fully stated herein.

23. Dizazzo filed his original Complaint, Civil Action No. 01-CV-11239 WGY Counter-Claim Plaintiffs on July 18, 2001, demanding judgment against the Counter-Claim Plaintiffs in the amount of $1,000,000.00 each.

24. Dizazzo now files this nearly identical complaint against the Counter-claim Plaintiffs and demands several million dollars in unsubstantiated and non-existant damages.

25. The Complaint is unfounded, based on false and fictitious facts, unsubstantiated, and fails to state a valid claim.

26. As a result of this filing and multiplication of proceedings the Counter-Claim Plaintiffs shall be required to retain counsel in the defense of this action.

WHEREFORE, the Counter-Claim Plaintiffs demand judgment against the counterclaim Defendant in the amount of attorney fees, costs and any other amounts that this Court shall deem appropriate.

## THIRD COUNTERCLAIM
## FILING OF BASELESS CLAIM

27. The Counter-Claim Plaintiffs hereby incorporate and reallege the allegations of paragraphs 1 through 26 of this counterclaim as if fully stated herein.

28. There was no violation of the civil rights nor constitutional rights of Dizazzo during this process.

9

29. Over 100 filings were noted on the Lawrence District Court docket for a simple bench trial. Most of the filings were frivolous, made in bad faith and lacked procedural and legal basis. However, Dizazzo was afforded leeway as a pro-se litigant.

30. No reasonable Court nor competent attorney or person would conclude that such claims could be established.

WHEREFORE, the Counter-Claim Plaintiffs demand judgment against the Counetr-claim Defendant in the amount of attorney fees, costs and any other amounts that this Court shall deem appropriate.

## FOURTH COUNTERCLAIM
## ABUSE OF PROCESS

31. The Counter-Claim Plaintiffs hereby incorporate and reallege the allegations of paragraphs 1 through 30 of this counterclaim as if fully stated herein.

32. Dizazzo has no evidence and can not point to any specific time, place or instance of conspiracy between any of the Defendants.

33. Dizazzo's Complaint is a vengeful attempt to soil the names of the Defendants.

34. Dizazzo has threatened to use the process to soil the reputation of the Defendants and Judges and place "professional careers in jeopardy."

35. Dizazzo has indicated that he has "just been playing a game for the last year," in a July 6, 2001 letter.

36. In every instance that a Motion or court proceeding was issued against Dizazzo he merely attached the name of both Defendants and the presiding Judge or

Justice to his complaint, acting without knowledge, without factual basis, and in bad faith.

37. Dizazzo's actions are a perversion of the judicial process.

38. Dizazzo refuses to speak to the Defendants regarding this case referring all matters to "Jim" who states he is a financial analyst who has had his girlfriend draft pleadings. Signatures on letters and pleadings are confusingly dissimilar.

39. As such, Dizazzo has used the judicial process in bad faith to exact revenge as a result of a loss at trial, has abused the process to attempt to obtain an end not contemplated by the proceeding, and has perverted the judicial process.

WHEREFORE, the Counter-Claim Plaintiffs demand judgment against the Counter-claim Defendant in the amount of attorney fees, costs and any other amounts that this Court shall deem appropriate.

Dated: May 7, 2004

Respectfully Submitted,

_____
Beverly J. MacLeod

_____
William S. MacLeod

### CERTIFICATE OF SERVICE

We, Beverly J. MacLeod and William S. MacLeod, hereby certify that the above Answer and Counterclaim was served upon the Plaintiff, by overnight mail, and in hand to Michael J. Dizazzo, at 29 Russett Hill Road, Haverhill, Massachusetts 01830, this 7th day of May 2004.

_____
Beverly J. MacLeod

_____
William S. MacLeod

11