UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10428-RGS

MICHAEL J. DIZAZZO

v.

PETER CARUSO, PETER CARUSO, II, BEVERLY J. MACLEOD,
WILLIAM MACLEOD, KEITH E. MCDONOUGH, MARY BRANCO,
ALLEN JARASITIS, STEPHEN A. OSTRACH, WILLIAM E. MELAHN,
RICHARD A. MORI, BRIAN R. MERRICK, MARK S. COVEN,
ROBERT V. GRECO, WILLIAM G. YOUNG, MARIE BELL,
THOMAS REILLY and MATTHEW Q. BERGE

MEMORANDUM AND ORDER ON
MOTION TO DISMISS

June 7, 2004

STEARNS, D.J.

The premise of the Complaint filed by pro se plaintiff Michael J. Dizazzo is that a coalition of judges, with the aid of their clerks, conspired to rig the outcome of a civil case decided adversely to Dizazzo in the Lawrence District Court.[1] "As courts of *original* jurisdiction, federal district courts . . . do not have appellate power, nor the right to exercise supplementary equitable control over original proceedings in the state's administrative tribunals." Armistead v. C&M Transport, Inc., 49 F.3d 43, 47 (1st Cir. 1995). Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983). Only the Supreme Court has the jurisdiction to invalidate state civil judgments. Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003). See also Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698, 703 (1st Cir. 1995). The doctrine also precludes

---

[1] The remaining defendants are the lawyers who litigated the case against Dizazzo, and for reasons that are not entirely apparent, the Attorney General of Massachusetts and one of his deputies.

review of federal claims that are "inextricably intertwined" with claims adjudicated in a state court. Sheehan v. Marr, 207 F.3d 35, 40 (1st Cir. 2000). Thus, where a § 1983 action would effectively void a state court's judgment, Rooker-Feldman applies. Hill v. Town of Conway, 193 F.3d 33, 39-40 (1st Cir. 1999).

As all of Dizazzo's claims are either directly or derivatively related to his challenge to the judgment of the Lawrence District Court, this court has no jurisdiction to hear his Complaint, and will therefore order it DISMISSED with prejudice.[2] The court declines jurisdiction over defendants Carusos' state law counterclaims, without prejudice to their being refiled in state court. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that there is any differentiation in the allegations made against the state judicial officers and the federal judge and his clerk, the doctrine of judicial immunity forecloses suit against both sets of court officials. Mireles v. Waco, 502 U.S. 9, 12-13 (1991). Cf. Temple v. Marlborough District Court, 395 Mass. 117, 133 (1985). Also, in light of the absence of jurisdiction, the court need invoke its authority to dismiss patently frivolous lawsuits. Neitzke v. Williams, 490 U.S. 319, 329 (1989).