UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 17 A 10: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

MICHAEL J. DIZAZZO,
        Plaintiff

V.                                         Civil Action No.04-10428-RGS

PETER CARUSO, Attorney at Law,
PETER CARUSO II, Attorney at Law,
BEVERLY J. MacLEOD,
WILLIAM MacLEOD,
KEITH E. McDONOUGH, Clerk of Court, Lawrence
        District Court,
MARY BRANCO, Former asst' Clerk, Lawrence,
ALLEN JARASITIS, District Court Judge,
STEPHEN A. OSTRACH, District Court Judge,
WILLIAM E. MELAHN, District Court Judge,
RICHARD A. MORI, District Court Judge,
BRIAN R. MERRICK, Appellate Court Judge,
MARK S. COVEN, Appellate Court Judge,
ROBERT V. GRECO, Appellate Court Judge,
WILLIAM G. YOUNG, Federal Court Judge, Chief Judge,
MARIE BELL, Docket Clerk to Chief Judge Young,
THOMAS REILLY, Attorney General for the
        Commonwealth of Massachusetts,
MATTHEW Q. BERGE, Asst' Attorney General,
                              Defendant(s),

### PLAINTIFF'S MOTION FOR RECONSIDERATION

Now comes the PLAINTIFF, Michael J. Dizazzo, pro-se, and pursuant to

Federal Rules of Civil Procedure, moves this honorable Court to ALLOW his Motion

for Reconsideration, as reasons for, the PLAINTIFF after receiving the Court's Order

of Dismissal dated June 8, 2004, and Memorandum dated June 7, 2004, became aware that

in filing his Motion to Amend with amended Complaint dated April 27, 2004 that he uninten-

ionally did not comply with FED. Rule 7 (a) in notifying all the defendants first, the Plain-

tiff apologizes for the error, he also knows that by not complying with federal rules, the Plaintiff knows that his earlier filing of his Amended complaint was invalid, this filing was made according to Fed. Rule 7(a), and the Plaintiff upon reviewing the Court's Order of Dismissal with Memorandum which copies are respectfully attached, the Court submits that it lacks jurisdiction, that the plaintiff seeks this Court to "invalidate" the State Judgment, with all due respect to this Court, the Plaintiff finds this declaration by the Court "suspicious, and confusing."the Plaintiff states the following not to be allegations, but FACTS:

1. Upon reviewing the Plaintiff's complaint, Defendants Carusos and Macleods Filed a civil complaint of deceit and perjury.

2. Defendant Mori after conducting a "bench" trial, refused to issue a conclusion Of law, pursuant to Mass. R. 52, the Plaintiff then filed two motions, findings Of Fact and Memorandum, please see attached copy of cover letter addressed To the clerk of Lawrence District Court dated Feb. 7, 2000, where clear infer- Ence can be drawn, also attached to the aforementioned cover letter is a copy of The Motion for Memorandum, please review, the Motion was to be heard in Court on Feb. 29, 2000, then was rescheduled for Feb. 28, 2000, the Plaintiff Never received any opposition from Defendant Caruso, only opposition To Findings of Fact, the plaintiff knew something was "nefarious," Findings Of Fact Denied, nothing on Memorandum, the Plaintiff then obtain a copy of The docket entries, plaintiff has attached copy of page two of the docket entries That have been certified, please see attached copy, under docket entry no. 46, Dated Feb. 8, 2000, Defendant Branco "only" entered Plaintiff's Motion for Findings of Fact, Motion for Memorandum "disappeared," please take Judicial

Notice, see docket entry no. 48, Defendant's Caruso's opposition, do not Forget, in Lawrence District Court he was representing the Plaintiff, Defendant MacLeod, "only" opposition to Findings of Fact, no "memorandum motion," You do not have to be a "rocket scientist" to know by the Defendants' actions Regarding this criminal, not an error, a willful and criminal conspiracy, Defen-Dant Mori by engaging in this sinister act, INVALIDATED his own Judgment On January 6, 2000, of course this the Plaintiff is called a non-judicial act, or Does the Plaintiff to believe that Judges engage in this conduct everyday. Of Course to submit that Rule 52, demands a Judge to issue a conclusion of Law, and this is no new law, by the Way, the Plaintiff reviewed Fed. Rules Of Civil Procedure, "low and behold," Federal Judge presiding over a bench Trial, MUST issue a Conclusion of Law, WOW, what a coincidence, same Number, 52 too.

3. The Plaintiff has also attached copy of page three of the docket entries, to Obtain an execution on April 12, 2000 from Defendant Mcdonough, and Defendant Caruso obtain a Motion for special process server, dated April 19, 2000, docket entry no. 60, and YES Defendants Mcdonough and Jarasitis Knew that said Judgment was INVALID, an unconstitutional and unlawful Deprivation of the Plaintiff's property, the plaintiff has attached a copy of the Unlawful execution dated April 13, 2000, and filed with the Registry of Deeds On October 3, 2000.

4. Upon reviewing Plaintiff's complaint, Defendants Merrick, Coven and Greco Issued an appellate opinion "lacking jurisdiction," dated June 13, 2001, they

Were fully informed of the invalidation of the Judgment in the trial court,

And lets be honest, you do not APPEAL criminal acts.

5. Plaintiff submits that he filed a Motion to Stay the proceedings dated May 26, 2004, but unintentionally the plaintiff did not comply with Rule 7, reason There is a criminal complaint pending a disposition with the Public Integrity Section in Washington, D.C., against four Defendants, Young, Bell, Reilly And Berge, under Federal Law, 28 USCS $ 2675, n.38, a civil action cannot Commence till there is a final disposition on the the claim that was filed with Th federal agency, this was timely filed with the Boston F.B.I., and then the Plaintiff filed a duplicate copy of the criminal complaint with the Public Integrity Section, WHY them, they are the "only" ones that have exclusive Jurisdiction over criminal complaints that involve federal Judges.

6. The Plaintiff can cite many cases regarding where judicial immunity is lost, Also regarding state officials, but as the First Circuit stated in "Dartmouth v. Dartmouth," 889 F.2nd, 13, 16, the Curt is "required" to accept as true all Factual allegations outlined in the complaint and to draw all reasonable infer- Ences in favor of the non-moving party, upon reviewing the Plaintiff's Complaint, the Plaintiff cites exact dates, acts, and laws, how specific can A party be, and in "Haines v. Kerner," the U.S. Supreme Court stated, "a Court may not dismiss the complaint unless it appears "beyond doubt that the Plaintiff can prove no set of facts in support of," to say that the Plaintiff cannot Prove his complaint, is to say delusional, a non-judicial act, the Supreme Court Very clear, in Stump v. sparkman, cite 98 S. Ct. 1099, (1978).

7. The Plaintiff also this day has filed a Motion to amend his civil complaint and Attached his AMENDED Complaint, please review, the Plaintiff has removed A number of defendants such as Defendants, Young, Bell, Reilly and Berge Because of the criminal complaint still pending, the plaintiff reserved his right To Amend this complaint or whatever else he deems appropriate, also has rem- Oved Defendants Melahn and Ostrach, there actions are not germane now that since the Judgment was invalidated by the trial court, there is no need to Keep these defendants on the complaint.

## CONCLUSION

Upon reviewing the aforementioned facts, the Plaintiff clearly has proved that this Court has complete jurisdiction over this 1983 civil rights suit, and God help me, where in the Plaintiff's papers was he asking this Court to "invalidate" the State judgment, but lets be honest, there is a ten mile high PREJUDICE against the Plaintiff, also the Plaintiff obtained a copy of the docket entries on June 10, 2004, Defendant Caruso filed a Motion to Dismiss on April 20, 2004, guess what, Plaintiff never received a copy of his Motion to Dismiss, but the plaintiff went into this civil suit with his eyes wide open to all kinds of possible collusion that may occur.

ACCORDINGLY, the Court must ALLOW his Motion for Reconsideration and to immediately REINSTATE the civil complaint, and to ALLOW Plaintiff conduct Discovery forthwith.

Signed Under the pains and penalties of Perjury this 17th day of June, 2004

*[signature]*
Michael J. Dizazzo

Respectfully submitted,
*[signature]*
Michael J. Dizazzo,
2 Russett hill road
Haverhill, Mass. 01830
Tel99780373-8996